IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HBONILLA LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:23-cv-01478-X |
| VS. | § | |
| | § | |
| **RAGLE, INC.; COLONIAL AMERICAN CASUALTY AND SURETY COMPANY; AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND** | § § § § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff HBonilla LLC for its First Amended Complaint against Defendants Ragle, Inc, Colonial American Casualty and Surety Company, and Fidelity and Deposit Company of Maryland (collectively, "Defendants") brings this action for recovery of money due, statutory interest on money due, attorneys' fees, and court costs and fees as a result of the actions of the named Defendants and would show as follows.

### I.
### PARTIES

1.      Plaintiff HBonilla LLC is a limited liability company organized and existing under the laws of the State of Texas, with its principal office and place of business located at 6704 Crane Road, North Richland Hills, Texas 76182-4326. HBonilla LLC is managed by its sole member, Hector Bonilla, who is a citizen of the State of Texas and resides in Tarrant County, Texas. HBonilla LLC ("Plaintiff" or "HBonilla") is engaged in the business of providing concrete installation construction services.

2. Defendant Ragle, Inc. is a corporation organized and existing under the laws of the State of Indiana, with its principal office and place of business located at 5266 Vann Road, Newburgh, Indiana 47630. Ragle, Inc. ("Ragle") may be served with process through its registered agent in Texas by serving CT Corporation System located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Ragle is in the business of providing general contracting services for construction projects.

3. Defendant Colonial American Casualty and Surety Company is a corporation organized and existing under the laws of the State of Illinois, with its principal office and place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196-5870. Colonial American Casualty and Surety Company ("Colonial American") may be served with process through its registered agent in Texas by serving Tracey Haley at 1502 Shannon Place, Carrollton, Collin County, Texas 75006. Colonial American is in the business of providing construction surety bonds.

4. Defendant Fidelity and Deposit Company of Maryland is a corporation organized and existing under the laws of the State of Illinois, with its principal office and place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196-5870. Fidelity and Deposit Company of Maryland ("Fidelity") may be served with process through its registered agent in Texas by serving Tracey Haley at 1502 Shannon Place, Carrollton, Collin County, Texas 75006. Colonial American is in the business of providing construction surety bonds.

## II.
## JURISDICTION

5. The Court has jurisdiction over the lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. Plaintiff HBonilla is a limited liability company organized and existing under the laws of the state of Texas whose sole member is a

citizen of Texas residing in Tarrant County, Texas whereas Defendant Ragle is a corporation organized and existing under the laws of the State of Indiana and Defendants Colonial American and Fidelity are corporations organized and existing under the laws of the State of Illinois, therefore, Plaintiff and Defendants are citizens of different U.S. states. The amount in controversy is $469,151.39, excluding retainage, interest, and costs, which is in excess of $75,000.

## III.
## VENUE

6.  Venue is proper in the Northern District of Texas, Dallas County in accordance with Article XI, Section B of the written agreement between Ragle and HBonilla, which states parties shall submit their claims to litigation "in either a state or federal court sitting in Dallas, TX."

7.  Further, venue is proper in the Northern District of Texas, Dallas County in accordance with the terms of the Payment Bond, Bond No. 9388796, issued to Ragle by Colonial American and Fidelity, which states "that if any legal action be filed on this Bond, exclusive venue shall lie in Dallas County, Texas."

8.  Further, venue is proper in the Northern District of Texas, Dallas County pursuant to Tex. Gov. Code § 2253.077 because the Project is located in Dallas County, Dallas, Texas.

9.  Further, venue is proper in the Northern District of Texas, Dallas County pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. The amount in controversy is for non-payment of services performed for a construction project for the City of Dallas and located in Dallas County.

## IV.
## FACTUAL BACKGROUND

10. Ragle is the general contractor for the City of Dallas construction project assigned Resolution No. 22-0313 and Contract No. PBW-2021-00016720 ("Prime Contract") relating to the "2021 Sidewalk and Barrier Free Ramp Improvements Project" ("Project") located in Dallas, Dallas County, Texas. The Project is ongoing and generally comprised of various improvements to streets, sidewalks, and adjacent work for the City. A copy of the Prime Contract is attached as Exhibit A.

11. Ragle was the Principal on a Payment Bond, Bond No. 9388796 with a penal sum of $5,358.056.75, that Colonial American and Fidelity (hereinafter collectively referred to as "Co-Sureties") issued for the Project. A true and correct copy of the Payment Bond is included as part of the Prime Contract and also attached, individually, as Exhibit B.

12. On or about May 2, 2022, Ragle and HBonilla entered into a Subcontract Agreement and any amendments thereto for the Project with an effective date of May 2, 2022 (collectively, the "Subcontract"). A copy of the Subcontract is attached as Exhibits C-1 to C-3.

13. HBonilla's scope of work generally included certain "concrete work" for the Project, which is more specifically defined in Article II of Exh. C-1 and as modified in Exhs. C-2 and C-3. HBonilla's work was performed on a unit price basis whereby HBonilla submitted its request for partial payment on a monthly basis to Ragle via invoice. Ragle was required to pay HBonilla for the invoice less 5% withheld as retainage. *Exh. C-1* at Article VIII.

14. HBonilla began performing work for the Project in May 2022. HBonilla was paid by Ragle for work performed on invoices submitted through December 2022. However, HBonilla has not been paid for work performed and invoiced as outlined below.

15. **Invoice No. 1035:** HBonilla performed services for Ragle from December 31, 2022 to January 31, 2023 and invoiced Ragle on February 9, 2023 with Invoice No. 1035 dated January 31, 2023 in the amount of $239,952.78. A copy of Invoice No. 1035 is attached as Exhibit D.

   a. On February 11, 2023, Ragle submitted its "Contractor's Affidavit Schedule of Work and Actual Payment Form" to the City of Dallas for work performed during the time period covered by Invoice No. 1035 ("Ragle SOW Jan. 2023"), which is the basis for payment to Ragle from the City of Dallas. A copy of Ragle SOW Jan. 2023 is attached as Exhibit E. Via Ragle SOW Jan. 2023, Ragle represented to the City of Dallas the value of HBonilla's work and payment due to HBonilla during that pay period as evidenced in columns [7] and [10], respectively, as $227,955.14. *Exhibit E.*

   b. Pursuant to the Texas Prompt Pay Act, Texas Government Code Chapter 2251, Ragle was obligated to pay HBonilla no later than 10 days after the date Ragle received payment from the City of Dallas. Upon information and belief, Ragle was paid in February by the City of Dallas. Ragle failed to pay HBonilla within the 10-day period and failed to provide a basis for non-payment within that time period.

   c. HBonilla made numerous requests to Ragle for clarification but received no response from Ragle as to why it was withholding payment. HBonilla continued performing its work despite non-payment from Ragle. On March 17, 2023, over 35 days after HBonilla submitted Invoice 1035, Ragle sent an e-mail to HBonilla notifying it that Ragle performed an "audit" of all prior invoices

resulting in a "back charge" that would require HBonilla to pay Ragle and was purportedly relying on that audit to withhold payment of Invoice 1035.

d. The audit erroneously asserted HBonilla was responsible for certain charges for which it was or is not or could be responsible and did *not* form the basis of a good faith dispute to withhold payment.

e. On March 28, 2023, HBonilla issued a "Notice of Violation of Texas Prompt Pay Act and Intent to Suspend Performance" Letter to Ragle, formally notifying Ragle of its violation of the Texas Prompt Pay Act and intent to suspend performance of the Subcontract on April 7, 2023 in accordance with Tex. Gov. Code §2251.022.

f. To-date, Invoice No. 1035 has not been paid.

16. **Invoice No. 1040:** HBonilla performed services for Ragle from February 1, 2023 to February 28, 2023 and invoiced Ragle on March 20, 2023 with Invoice No. 1040 dated March 20, 2023 in the amount of $207,779.71. A copy of Invoice No. 1040 is attached as Exhibit F.

a. On March 20, 2023, Ragle submitted its "Contractor's Affidavit Schedule of Work and Actual Payment Form" to the City of Dallas for work performed during the time period covered by Invoice No. 1040 ("Ragle SOW Feb. 2023"), which is the basis for payment to Ragle from the City of Dallas. A copy of Ragle SOW Feb. 2023 is attached as Exhibit G. Via Ragle SOW Feb. 2023, Ragle represented to the City of Dallas the value of HBonilla's work and payment due to HBonilla during that pay period as evidenced in columns [7] and [10], respectively, as $197,390.72. *Exhibit G.*

    b. Pursuant to the Texas Prompt Pay Act, Ragle was obligated to pay HBonilla no later than 10 days after the date Ragle received payment from the City of Dallas. Upon information and belief, Ragle was paid in March by the City of Dallas. Ragle failed to pay HBonilla within the 10-day period and failed to provide a basis for non-payment within that time period.

    c. Ragle has provided no basis for withholding payment per Invoice No. 1040.

    d. To-date, Invoice No. 1040 has not been paid.

17. **Invoice No. 1041:** HBonilla performed services for Ragle from March 1, 2023 to March 31, 2023 and invoiced Ragle on April 2, 2023 with Invoice No. 1041 dated April 2, 2023 in the amount of $46,111.08. A copy of Invoice No. 1041 is attached as Exhibit H.

    a. On April 6, 2023, Ragle submitted its "Contractor's Affidavit Schedule of Work and Actual Payment Form" to the City of Dallas for work performed during the time period covered by Invoice No. 1041 ("Ragle SOW March 2023"), which is the basis for payment to Ragle from the City of Dallas. A copy of Ragle SOW March 2023 is attached as Exhibit I. Via Ragle SOW March 2023, Ragle represented to the City of Dallas the value of HBonilla's work and payment due to HBonilla during that pay period as evidenced in columns [7] and [10], respectively, as zero, despite HBonilla having performed work during March 2023. *Exhibit I.*

    b. Pursuant to the Texas Prompt Pay Act, Ragle was obligated to pay HBonilla no later than 10 days after the date Ragle received payment from the City of Dallas. Upon information and belief, Ragle was paid in March by the City of Dallas.

    Ragle failed to pay HBonilla within the 10-day period and failed to provide a basis for non-payment within that time period.

  c. Ragle has provided no basis for withholding payment per Invoice No. 1041.

  d. To-date, Invoice No. 1041 has not been paid.

18. HBonilla has complied with and followed all provisions of the Subcontract. Ragle has provided no justification nor good faith basis to withhold payment from HBonilla. Less retainage, HBonilla is currently owed $469,151.39 for work performed and completed as summarized below.

| Invoice No. | Invoice Total | Retainage (5%) | Currently Due (Invoice-Retainage) |
|---|---|---|---|
| 1035 | $ 239,952.78 | $ 11,997.64 | $ 227,955.14 |
| 1040 | $ 207,779.71 | $ 10,388.99 | $ 197,390.72 |
| 1041 | $ 46,111.08 | $ 2,305.55 | $ 43,805.53 |
| **TOTAL** | **$ 493,843.57** | **$ 24,692.18** | **$ 469,151.39** |

19. Despite notice to Ragle, the amount remains unpaid. The failure to pay HBonilla the $469,151.39 due under the Subcontract comprises a breach of contract and default by Ragle, directly and naturally causing HBonilla harm.[1]

20. HBonilla's services were furnished to Ragle for the improvement of the Project in reliance upon the existence of the Payment Bond obtained by Ragle for the protection of all persons supplying labor and materials in the prosecution of the work. The Co-Sureties issued the Payment Bond on behalf of Ragle, the principal on the Bond. A claim is made upon the Co-Sureties for payment currently due HBonilla in the amount of $469,151.39 per Tex. Gov. Code § 2253.073.

21. HBonilla timely provided notices to the Co-Sureties to bring suit on the Payment Bond in accordance with Tex. Gov. Code § 2253.041. Copying Ragle on all notices, HBonilla

---

[1] The total balance for the entirety of the project is $549,096.09, comprised of $469,151.39 (total for Invoices 1035, 1040, and 1041, less retainage) and $76,944.70 (total retainage for the entire project).

**PLAINTIFF'S FIRST AMENDED COMPLAINT — PAGE 8 OF 13**

provided notice to the Co-Sureties on the following dates April 13, 2023, May 15, 2023, and June 15, 2023. Copies of these notices are attached as Exhibits J, K, and L, respectively.[2]

22. The parties completed a private mediation on June 7, 2023.

23. As of the date of this filing, Ragle still refuses to pay and is wrongfully withholding payment from HBonilla in the amount of $469,151.39, exclusive of attorneys' fees and interest, for work performed and completed for the Project. Colonial American is liable to HBonilla under the terms of the Bond and pursuant to Tex. Gov. Code § 2253.

24. HBonilla was compelled to engage attorneys to collect the amount due by sending demands and filing this lawsuit on the payment bond and in doing so have incurred expenses.

25. HBonilla is entitled to full and complete satisfaction of the amount due along with interest, attorney's fees, and costs on the claims as set forth herein.

## V.
## CONDITIONS PRECEDENT

26. All conditions precedent for the commencement of this action have been performed or have occurred.

## VI.
## COUNTS AND CAUSES OF ACTION

**Count I – Bond Claim Against Defendants**

27. HBonilla incorporates by reference the foregoing paragraphs as if set forth verbatim herein.

28. Ragle is a "prime contractor" as defined in Tex. Gov. Code § 2253.001(3) because Ragle is a corporation that has a public work contract with a governmental entity, the City of Dallas. HBonilla is a "subcontractor" as defined in Tex. Gov. Code § 2253.001(9) because it is a

---

[2] Exhibits to the notice letters that have been excluded.

corporation that provides public work labor or material to fulfill an obligation to Ragle for the performance of the Project. Ragle supplied the Payment Bond for the Project in accordance with the Prime Contract and to meet the requirements Tex. Gov. Code § 2253.073. *See Exh. A.* HBonilla is a "payment bond beneficiary" as defined in Tex. Gov. Code § 2253.001(2) because HBonilla is a person for whose protection and use Tex. Gov. Code § 2253 applies. *Tex. Gov. Code § 2253.021(c).*

29. Ragle is the principal on the Payment Bond while Colonial American and Fidelity are the Co-Sureties. *See Exh. B.* As a payment bond beneficiary who has provided all required notices under Tex. Gov. Code § 2253, HBonilla makes its claim against Ragle and the Co-Sureties jointly for $469,151.39, statutory interest, and reasonable attorney fees because more than 60 days have passed after the date notice for the claim was mailed. Tex. Gov. Code § 2253.073-074.

30. HBonilla requests judgment against Ragle and Co-Sureties in the amount of the principal sum of at least $469,151.39, for statutory interest on the principal amount in accordance with the Prompt Pay Act, for reasonable attorneys' fees as authorized by law, and for such other and further relief in HBonilla's favor as is appropriate.

**Count II – Breach of Contract Against Ragle**

31. HBonilla incorporates by reference the foregoing paragraphs as if set forth fully verbatim herein.

32. Based on the foregoing facts, Ragle breached its contract with HBonilla without justification or excuse, directly and naturally causing damages of at least $469,151.39,[3] for which HBonilla demands judgment, plus pre- and post-judgment interest at the maximum legal rates,

---

[3] The total balance for the entirety of the project is $549,096.09, comprised of $469,151.39 (total for Invoices 1035, 1040, and 1041, less retainage) and $76,944.70 (total retainage for the entire project).

**PLAINTIFF'S FIRST AMENDED COMPLAINT — PAGE 10 OF 13**

costs of court, and attorney's fees pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code and Tex. Gov. Code § 2251.043.

**Count III – Texas Sworn Account Against Ragle as to Outstanding Invoices**

33.  HBonilla incorporates by reference the foregoing paragraphs as if set forth fully verbatim herein.

34.  Based on the foregoing, and the concurrently served affidavit of HBonilla's Mr. Hector Bonilla, after the allowance of all lawful offsets and credits, Ragle is indebted to HBonilla in the liquidated sum of $469,151.39, exclusive of Project retainage, for services rendered for the Project from December 31, 2022 to March 31, 2023 for which HBonilla demands judgment, plus pre- and post-judgment interest at the maximum statutory rates, costs of court, and attorney's fees pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code and Rule 185 of the Texas Rules of Civil Procedure.

35.  A true and correct copy of a systematic record of outstanding amounts is attached to and incorporated as part of Mr. Bonilla's affidavit attached as Exhibit M.

**Count IV – Violation of the Texas Prompt Pay Act against Ragle**

36.  HBonilla incorporates by reference the foregoing paragraphs as if set forth fully verbatim herein.

37.  In addition to recovery of the outstanding balance currently due of $469,151.39, HBonilla seeks from Ragle its attorney's fees and interest on overdue payments as a result of Ragle's violation of the Texas Prompt Pay Act. As more specifically set forth in ¶¶ 15-17 herein, HBonilla invoiced Ragle for work performed between December 31, 2022 and March 31, 2023. Per Tex. Gov. Code §2251.022, Ragle was obligated to pay HBonilla no later than 10 days after the date Ragle received payment from the City of Dallas. Upon information and belief, Ragle has

been paid by the City of Dallas for the work performed by HBonilla. Ragle failed to pay HBonilla within the 10-day period and failed to provide a basis for non-payment within that time period.

38. As a result of HBonilla's violation of the Texas Prompt Pay Act, interest has accrued and continues to accrue in accordance with Tex. Gov. Code §2251.026, and Ragle shall pay interest to HBonilla in accordance with Tex. Gov. Code §2251.028. HBonilla seeks recovery of its attorney's fees to collect invoice payments and interest due in accordance with Tex. Gov. Code §2251.043.

## VII.
## ATTORNEY'S FEES

39. HBonilla incorporates by reference the foregoing paragraphs as if set forth fully verbatim herein.

40. As a result of Ragle's non-payment to HBonilla, HBonilla has been forced to engage attorneys to collect outstanding amounts and interest rightfully due HBonilla. Accordingly, HBonilla explicitly seeks recovery of its attorney's fees in accordance with Chapter 38 of the Texas Civil Practices and Remedies Code and Tex. Gov. Code § 2251.043.

41. HBonilla explicitly seeks recovery of its attorney's fees from the Co-Sureties in accordance with Tex. Gov. Code § 2253.074 because HBonilla has to use this proceeding to enforce its claim on the Payment Bond.

## VII.
## JURY TRIAL WAIVED

42. In accordance with Article XI, Section B of the written agreement between Ragle and HBonilla, the parties waive their right to trial by jury.

## VIII.
## PRAYER

WHEREFORE, HBonilla, Inc. prays that Defendants be cited to appear and answer herein and that upon final trial hereof, that HBonilla be awarded judgment against the Payment Bond and against all Defendants, jointly and severally, for HBonilla's damages of $469,151.39, plus pre- and post-judgment interest at the maximum rates allowed by law, costs of court, and reasonable attorney's fees incurred in the prosecution of these claims, and for such other and further relief to which HBonilla may show itself justly entitled.

Respectfully submitted,

**GERSTLE SNELSON, L.L.P.**

By: _____

Michael Gerstle
State Bar No. 00787528
Michael.gerstle@gstexlaw.com
Garrison Lipscomb
State Bar No. 24096965
Garrison.Lipscomb@gstexlaw.com

4849 Greenville Avenue, Suite 1500
Dallas, Texas 75206
(214) 368-6440
(214) 308-2026 Fax

**ATTORNEYS FOR HBONILLA LLC**