# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| HBONILLA LLC<br>    Plaintiff,<br><br>V.<br><br>RAGLE, INC.; COLONIAL AMERICAN CASUALTY AND SURETY COMPANY; AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND<br>    Defendants. | §§§§§§§§§§§§§§§§ | Civil Action No. 3:23-cv-01478-X |

**Colonial American Casualty and Surety Company and
Fidelity and Deposit Company of Maryland's Answer and Affirmative Defenses**

Now Comes Defendants, Colonial American Casualty and Surety Company ("Colonial") and Fidelity and Deposit Company of Maryland ("Fidelity" and collectively, "Sureties" or "Defendants"), in the above styled and numbered cause, and files this, their Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, and would show the Court the following:

## ANSWER

1. Responding to paragraph 1, Defendants admit the organizational elements of the entity HBonilla LLC.  Defendant lacks sufficient knowledge to admit or deny the remainder of the paragraph.

2. Responding to paragraph 2, Defendants admit the organizational elements and registered agent of the entity Ragle, Inc.

3. Responding to paragraph 3, Defendants admit the organizational elements and registered agent of the entity Colonial American Casualty and Surety Company for purposes of the surety bond.

4. Responding to paragraph 4, Defendants admit the organizational elements and registered agent of the entity Fidelity and Deposit Company of Maryland for purposes of the surety bond.

5. Responding to paragraph 5, Defendants admit the organizational elements of the parties. The remainder of paragraph 5 contains conclusions of law to which no response is required of Sureties.

6. Responding to paragraph 6, Defendants admit Article XI, Section B of the subcontract between Ragle and HBonilla states, in part, "If the matter is unresolved after submission of the matter to mediation, the parties shall submit the matter to litigation in either a state or federal court sitting in Dallas, TX." The remainder of paragraph 6 contains conclusions of law to which no response is required of Sureties.

7. Responding to paragraph 7, Defendants admit that the Payment bond, Bond No. 9388796, states, "PROVIDED FURTHER, that if any legal action be filed on this Bond, exclusive venue shall lie in Dallas County, Texas." The remainder of paragraph 7 contains conclusions of law to which no response is required of Sureties.

8. Paragraph 8 contains conclusions of law to which no response is required of Sureties.

9. Paragraph 9 contains conclusions of law to which no response is required of Sureties.

10. Responding to paragraph 10, Sureties admit that Ragle entered into a contract with the City of Dallas, Contract No. PBW-2021-00016720, Resolution No. 22-0313 ("Agreement") for the project described as "2021 Sidewalk and Barrier Free Ramp Improvements Project" ("Project"); that the Project is ongoing; and that the Project is generally comprised of various improvements to streets and sidewalks. Sureties take the position that the Agreement is a written document that speaks for itself and is the best evidence of its contents.

11. Responding to paragraph 11, Sureties admit that Ragle is the principal on a Payment Bond, Bond No. 9388796 (the "Payment Bond"). Sureties deny that the penal sum of the Payment Bond is $5,358,056.75. The remainder of paragraph 11 contains conclusions of law to which no response is required of Sureties.

12. Responding to paragraph 12, Sureties admit that Ragle and HBonilla entered into a Subcontract Agreement ("Subcontract"), effective May 2, 2022, for the Project. Sureties deny allegations regarding amendments.

13. Responding to paragraph 13, Sureties admit that HBonilla's scope of work was generally for concrete related work. Sureties admit to the existence of Addendum 1. Sureties deny the allegations of Paragraph 13 to the extent that the paragraph varies the terms of the Subcontract or Addendum 1. The Subcontract (and Addendum 1) is a written document that speaks for itself and is the best evidence

of its contents. Sureties refer to the Subcontract (and Addendum 1) itself for a statement of its terms and conditions.

14. Responding to paragraph 14, Sureties admit that HBonilla began performing work on the Project in May 2022 and that HBonilla was paid by Ragle on invoices submitted through December 2022 but disputes that this constitutes an unconditional acceptance of HBonilla's work. Sureties deny the remainder of paragraph 14.

15. Responding to paragraph 15, Sureties admit the existence of invoice no. 1035, but deny the remainder of the allegations and Plaintiff's subjective interpretation therein. It is a written document, whose terms speak for themselves.

    a. Responding to paragraph 15 a, Sureties admit the existence of the document but denies the allegations and the subjective interpretation of the document.

    b. Sureties deny paragraph 15 b.

    c. Sureties deny paragraph 15 c.

    d. Sureties deny paragraph 15 d.

    e. Responding to paragraph 15 e, Sureties admit the existence of a letter dated March 28, 2023, but deny the remainder of the allegations and Plaintiff's subjective interpretations.

    f. Responding to paragraph 15 f, Sureties admit that invoice no. 1035 has not been paid as invoiced.

16. Responding to paragraph 16, Sureties admit the existence of invoice no. 1040, but deny the remainder of the allegations and Plaintiff's subjective interpretation therein. It is a written document, whose terms speak for themselves.
    a. Responding to paragraph 16 a, Sureties admit the existence of the document but deny the allegations and the subjective interpretation of the document.
    b. Sureties deny paragraph 16 b.
    c. Sureties deny paragraph 16 c.
    d. Responding to paragraph 16 d, Sureties admit that invoice no. 1040 has not been paid as invoiced.
17. Responding to paragraph 17, Sureties admit the existence of invoice no. 1041, but deny the remainder of the allegations and the Plaintiff's subjective interpretation therein. It is a written document, whose terms speak for themselves.
    a. Responding to paragraph 17 a, Sureties admit the existence of the document but deny the allegations and the subjective interpretation of the document.
    b. Sureties deny paragraph 17 b.
    c. Sureties deny paragraph 17 c.
    d. Responding to paragraph 17 d, Sureties admit that invoice no. 1041 has not been paid as invoiced.
18. Sureties deny paragraph 18.
19. Sureties deny paragraph 19.

20. Responding to paragraph 20, the allegations are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

21. Sureties deny paragraph 21.

22. Sureties deny paragraph 22.

23. Sureties deny paragraph 23.

24. Responding to paragraph 24, the allegations are denied for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

25. Sureties deny paragraph 25.

26. Sureties deny paragraph 26.

27. Sureties deny paragraph 27.

28. Paragraph 28 contains conclusions of law to which no response is required of Sureties.

29. Sureties deny paragraph 29.

30. Sureties deny paragraph 30.

31. Sureties deny paragraph 31.

32. Sureties deny paragraph 32.

33. Sureties deny paragraph 33 and adopt and incorporate Ragles, Inc.'s First Amended – Answer, Affirmative Defenses, and Counterclaim, specifically as it relates to paragraph 33, 34, and 35 and Troy Ragle's Verification/Affidavit.

34. Sureties deny paragraph 34. Sureties deny that each and every item of Plaintiff's sworn account is just and true.  Plaintiff has failed to provide certain material and

personnel in accordance with the terms of the Subcontract; thus, the charges listed on the account are not just and true. Plaintiff has failed to account for the backcharges, which include the materials and personnel Ragle supplied to Plaintiff to assist Plaintiff in its Work, as required by the subcontract. Plaintiff has failed to provide a systematic record of the alleged account by failing to provide an accurate record of transactions, including all lawful offsets, payments and credits related to the alleged account. The offsets and credits Plaintiff has failed to account for include overbilling, materials, and personnel as reflected below:

| | |
|---|---|
| $823,886.32 | materials, plus Superintendent and his truck expenses |
| ($267,497.78) | amount previously backcharged to subcontract |
| $556,388.54 | Current backcharge amount due from HBonilla |
| ($493,843.57) | Total of unpaid HBonilla, LLC invoices, including retainage (January 2023 – March 2023) |
| **$62,554.97** | **Amount still owed to Ragle, Inc. from HBonilla, LLC** |

35. Sureties deny paragraph 35. Sureties deny that each and every item of Plaintiff's sworn account is just and true. Plaintiff has failed to provide certain material and personnel in accordance with the terms of the Subcontract; thus, the charges listed on the account are not just and true. Plaintiff has failed to account for the backcharges, which include the materials and personnel Ragle supplied to Plaintiff to assist Plaintiff in its Work, as required by the subcontract. Plaintiff has failed to provide a systematic record of the alleged account by failing to provide an accurate

record of transactions, including all lawful offsets, payments and credits related to the alleged account. The offsets and credits Plaintiff has failed to account for include overbilling, materials, and personnel as reflected below:

|  |  |
|---|---|
| $823,886.32 | materials, plus Superintendent and his truck expenses |
| ($267,497.78) | amount previously backcharged to subcontract |
| $556,388.54 | Current backcharge amount due from HBonilla |
| ($493,843.57) | Total of unpaid HBonilla, LLC invoices, including retainage (January 2023 – March 2023) |
| **$62,554.97** | **Amount still owed to Ragle, Inc. from HBonilla, LLC** |

36. Sureties deny paragraph 36.

37. Sureties deny paragraph 37.

38. Sureties deny paragraph 38.

39. Sureties deny paragraph 39.

40. Sureties deny paragraph 40.

41. Sureties deny paragraph 41.

42. Sureties admit paragraph 42.

## II.     Affirmative Defenses

43. Sureties deny that all conditions precedent have been performed as alleged including that sufficient notice in accordance with Chapter 2253 of the Government Code. Plaintiff has not provided evidence of the notices that are required under Chapter 2253 of the Government Code.

44. Sureties assert the affirmative defense of the terms of the bond.

45. Sureties assert that, if they are liable, they are only liable up to the penal sum of the bond.

46. Sureties assert the affirmative defense of prior material breach.

47. Sureties assert the affirmative defense that, if payment was withheld, their principal has a good faith basis for withholding payment on this project.

48. Sureties affirmatively assert that they are entitled to all defenses available to their principal, Ragle, Inc. ("Ragle"), and to the extent they are not listed here, specifically incorporates all of Ragle's Affirmative Defenses that have been pled by Ragle.

49. Sureties assert the affirmative defense of offset.

50. Sureties assert the affirmative defense of unjust enrichment.

51. Sureties assert the affirmative defense of waiver.

52. Sureties affirmatively plead excessive demand and improper presentment.

53. Sureties affirmatively plead Failure of Condition Precedent;

54. Sureties affirmatively plead Failure to Mitigate Damages.

55. Sureties affirmatively plead Unclean Hands.

56. Sureties expressly reserve the right to assert additional affirmative defenses as discovery proceeds herein.

## V.    PRAYER

WHEREFORE, above premises considered, Defendants, Colonial and Fidelity, pray that Plaintiff takes nothing from its suit and that Colonial and Fidelity have and recover their costs of Court and for such other relief deemed just and proper.

Respectfully submitted,

**SANDERFORD & CARROLL, P.C.**
1100 NE Loop 410, Suite 610
San Antonio, Texas 78209
Telephone: (210) 202-1980
Facsimile: (254) 773-9175

By:  */s/ Allen V. Wilson*
**ALLEN V. WILSON**
State Bar No. 24088655
Allen@txconstructionlaw.com
**VICTORIA McDANIEL-SONNIER**
State Bar No. 24093525
Victoria@txconstructionlaw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Sureties' Answer and Affirmative Defenses have been electronically filed with the Clerk of Court for the Northern District of Texas by using the CM/ECF System, which will send a notice of electronic filing to all registered counsel of record on this 24th day of August 2023.

*/s/ Allen V. Wilson*
Allen V. Wilson