UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HBONILLA LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-cv-1478-x |
| | § | |
| RAGLE, INC. et al., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO EXCLUDE EXPERT TESTIMONY**

Before the Court is Plaintiff' HBonilla LLC's ("HBonilla") motion to exclude defendants' expert testimony on the grounds that defendants designated the expert after the deadline had passed (Doc. 34). For the reasons below, the Court **DENIES** the motion.

**I.   Background**

This case arises from a 2022 subcontract between HBonilla and defendant Ragle, Inc. ("Ragle") for HBonilla to perform work for the City of Dallas. In 2023, Ragle claims it discovered that HBonilla had been overbilling for its work, and after a dispute arose between the parties, HBonilla ceased work on the project and filed this lawsuit against Ragle and Ragle's sureties, Colonial American Casualty and Surety Company ("Colonial") and Fidelity and Deposit Company of Maryland's ("Fidelity" and, collectively with Colonial, the "Sureties"). Ragle and the Sureties in

turn brought counterclaims against HBonilla for the amount they claim HBonilla overbilled.

Shortly thereafter, the Court issued a Scheduling Order setting January 29, 2024, as the deadline for parties to designate experts for affirmative claims and February 28, 2024, for rebuttal experts. (Doc. No. 27). Unfortunately, Ragle and the Sureties' prior counsel suffered a medical emergency in early 2024 and their current counsel appeared in April. The parties then agreed to push the deadline to designate rebuttal experts to May 20, 2024, (Doc. No. 32) and Ragle and the Sureties designated three experts by that deadline: William Tusa, Troy Ragle, and William Rather. HBonilla argues that these experts are not merely for purposes of rebuttal but also speak to Ragle and the Sureties affirmative claims and were thus improperly designated after the deadline for affirmative experts.

## II.   Legal Standards

In determining whether to admit testimony from experts designated after the deadline, the Court considers four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice."[1]

## III.   Analysis

First, the Court looks to the explanation the tardy parties provided for designating their experts late. Here, Ragle and the Sureties' current counsel had not

---

[1] *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007).

yet appeared when the deadline to designate affirmative experts passed. Ragle and the Sureties also state that they did not anticipate needing experts to substantiate their counterclaim for damages. Ragle and the Sureties claim that, in the course of conducting his expert analysis and after the deadline for designating affirmative experts had passed, Mr. Tusa calculated a different damages amount for the defendants. Ragle and the Sureties now intend to use Mr. Tusa's analysis for both their rebuttal to HBonilla's damages and for their own affirmative counterclaim.

Given the intertwined nature of Ragle and the Sureties' rebuttal to HBonilla's damages claim and their own counterclaim, it is reasonable that Ragle and the Sureties designated a rebuttal expert whose testimony supports their affirmative claim as well.

Second, the Court looks to the importance of the testimony. This case hinges on the parties' calculations of HBonilla's work as a subcontractor for Ragle and the invoices and payments related to that work. The central issue is the calculation of what the parties may owe each other, and this expert testimony speaks to those calculations. This factor also cuts in favor of permitting the testimony.

Next, the Court considers any potential prejudice permitting the testimony may cause. In this case, HBonilla has had ample time—four months—to consider the experts' testimony before the close of discovery on September 16, 2024. HBonilla notes in its motion that it had no time to serve written discovery on Ragle regarding these experts, but that was before the Court granted an extension of the discovery period. On the other hand, it would be prejudicial to deprive Ragle and the Sureties

3

of expert testimony regarding their counterclaim, and it would certainly be extremely prejudicial to deprive them of expert testimony to rebut HBonilla's claims. Because their rebuttal and affirmative testimony is essentially the same, this factor cuts in favor of Ragle and the Sureties.

Finally, the Court considers the availability of a continuance to alleviate any undue prejudice caused by allowing the expert testimony. As discussed with the third factor, HBonilla has already had time to conduct needed discovery, and it actually argued against a continuance in its motion. So, the Court determines no continuance is necessary.

### IV. Conclusion

After considering the reasons Ragle and the Sureties designated their rebuttal experts late, the importance of the testimony, the potential prejudice of the testimony, and the availability of a continuance to remedy any potential prejudice, the Court **DENIES** HBonilla's motion to exclude the testimony.

**IT IS SO ORDERED** this 13th day of September, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE